UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

WILLIAM MAHAR,

                Plaintiff,

      -against-                                                    1:15-cv-1268 (LEK/CFH)

THE TOWN OF WARRENSBURG,
NEW YORK,

                Defendant.

## MEMORANDUM -DECISION and ORDER

**I.    INTRODUCTION**

Presently pending before the Court is a Motion for a temporary restraining order and preliminary injunction filed by *pro se* Plaintiff Bill Mahar ("Plaintiff") on October 23, 2015 against Defendant Town of Warrensburg ("Defendant"). Dkt. No. 1-1 ("Motion"). On October 28, 2015, the Court held a show-cause hearing. Dkt. No. 8 ("Transcript"). For the following reasons, Plaintiff's Motion is denied.

**II.    BACKGROUND**

Plaintiff is a candidate for the position of Town Board member in the Town of Warrensburg. Mot. at 1.[1] On October 20, 2015, Plaintiff received an email from Christopher Belden, the Code Enforcement Officer for the Town. Id. at 4. The email informed Plaintiff that Town Zoning Ordinance § 211.33(B)(1) prohibits signs from being placed within the public right-of-way. Id.; see also Municipal Code, Town of Warrensburg, New York, Article VI, § 211-33.B. The email stated that notice was being given to all candidates who were displaying political signs within the public

---

[1] Pagination refers to the page numbers assigned by the Court's Electronic Filing System ("ECF").

right-of-way. Mot. at 4. Belden stated that he planned to remove the signs on October 26, 2015 and that any removed signs would be kept at the Warrensburg Town Hall. Id.

Plaintiff seeks to enjoin Defendant from enforcing the ordinance prior to the November 3 general election. See Mot. Plaintiff contends that Defendant selectively enforced the ordinance against him based on his political affiliation. Id. at 1. Plaintiff claims that he is the "first Democratic Candidate in several decades in a town that has not elected a Democrat since at least before 1947. There are two other candidates who are Republican incumbents and along with the rest of the Republican Board, control and direct the code officer." Id. He contends that Defendant's selective enforcement of the ordinance deprived him of his fundamental right to free speech and could unlawfully impact the outcome of the election. Id.

On October 26, 2015, Defendant filed a Response to Plaintiff's Motion. Dkt. No. 4 ("Response"). Defendant denied that the ordinance was unlawful on its face or that it had been selectively enforced against Plaintiff. Id. at 1. However, in recognition of the urgency created by the upcoming election, Defendant agreed to discontinue its enforcement of the ordinance until after the November 3 election on the condition that Plaintiff withdraw his Motion. Id. Defendant stated that as of October 26, the Code Enforcement Officer had already begun replacing signs that had been removed from the public right-of-way. Id. at 2. Defendant also sought Plaintiff's consent to cancel the Order to Show Cause hearing the Court scheduled for October 28, 2015. Id.

In his Reply, Plaintiff rejected Defendant's request to cancel the hearing. Dkt. No. 6 ("Reply") at 1. Plaintiff contends that Defendant's enforcement of the sign ordinance is a "symptom of a greater problem" of a "Town government willing to selectively enforce the law to further their own political ends." Id. Further, Plaintiff contends that after the Code Enforcement Officer

allegedly replaced the signs that were taken down, some of Plaintiff's signs were still missing. Id. At the hearing held on October 28, the Court learned that Plaintiff initially had a total of seven signs. Transcript at 2:10-14. After the Code Enforcement Officer replaced the signs, four of Plaintiff's signs are allegedly missing. Id. Defendant contends that in total, 33 signs were removed by the Code Enforcement Officer, and all 33 signs had been replaced at the time of the hearing. Id. at 2:25-3:03.

The Court also informed Plaintiff that the only issue before the Court was Defendant's enforcement of the sign ordinance, and that should Plaintiff seek judicial review of other aspects of Defendant's conduct, Plaintiff would need to file a proper complaint. Id. at 2:19-24; 03:10-12.

## III. LEGAL STANDARD

The same standards used to review a request for a preliminary injunction govern consideration of an application for a temporary restraining order. Local 1814, Int'l Longshoremen's Ass'n, AFL-CIO v. N.Y. Shipping Ass'n, 965 F.2d 1224, 1228 (2d Cir. 1992); Perri v. Bloomberg, No. 06-CV-0403, 2008 WL 2944642, at *2 (E.D.N.Y. Jul. 31, 2008). "In general, district courts may grant a preliminary injunction where a plaintiff demonstrates 'irreparable harm' and meets one of two related standards: 'either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits of its claims to make them fair ground for litigation, plus a balance of the hardships tipping decidedly in favor of the moving party.'" Otoe-Missouria Tribe of Indians v. N.Y. State Dep't of Fin. Servs., 769 F.3d 105, 110 (2d Cir. 2014) (quoting Lynch v. City of New York, 589 F.3d 94, 98 (2d Cir. 2009)). The district court has wide discretion in determining whether to grant preliminary injunctive relief. Moore v. Consol. Edison Co. of N.Y., 409 F.3d 506, 510 (2d Cir. 2005). The alleged violation of a constitutional right generally satisfies a plaintiff's

burden to demonstrate irreparable harm. Jolly v. Coughlin, 76 F.3d 468, 473 (2d Cir. 1996).
"However, the moving party must establish that without the preliminary injunction, he will suffer an injury that is neither remote nor speculative, but actual and imminent and that cannot be remedied by an award of monetary damages." Amaker v. Fischer, No. 10-CV-0977A, 2012 WL 8020777, at *2 (W.D.N.Y. Sept. 28, 2012).

## IV. DISCUSSION

In the present case, Plaintiff has not met his burden to show that a temporary restraining order is necessary. While he has alleged that enforcement of the ordinance violates his First Amendment right, Plaintiff has not established that without a temporary restraining order he will suffer "an injury that is neither remote nor speculative, but actual and imminent." Amaker v. Fischer, 2012 WL 8020777 at *2. Defendant stipulated that it will not enforce the ordinance until after the November 3 election, and claims to have returned any of Plaintiff's signs that were temporarily removed. See Resp. at 2; Transcript. This is precisely the relief Plaintiff seeks. See Mot. The Court will retain jurisdiction over this matter until the November 3 election to ensure that the Defendant upholds its stipulation.

Moreover, Plaintiff is unable to satisfy the second prong of the preliminary injunction analysis, the likelihood of success on the merits. At the hearing, Plaintiff presented no evidence of how the ordinance was selectively enforced against him based on his political affiliation. In contrast, Defendant stated that the Code Enforcement Officer took 33 signs, only two of which belonged to Plaintiff. Transcript at 2:25-3:03. Defendant maintains that all 33 signs were replaced. Id. Without more, the Court does not find that Plaintiff has shown a likelihood of success on the merits, or that Plaintiff has met the more generous standard of alleging sufficiently serious questions

4

going to the merits of its claims to make them fair ground for litigation.[2]

## V. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Plaintiff's Motion (Dkt. No. 1) for a temporary restraining order and preliminary injunction is **DENIED**; and it is further

**ORDERED,** that should Plaintiff seek judicial review of matters other than the enforcement of the sign ordinance, he is instructed to file a separate complaint with the Court; and it is further

**ORDERED,** that the Court will retain jurisdiction over this matter until November 3, 2015; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED: October 30, 2015
Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge

---

[2] "Where a moving party challenges government action taken in the public interest pursuant to a statutory or regulatory scheme, however, the moving party cannot resort to the fair ground for litigation standard, but is required to demonstrate irreparable harm and a likelihood of success on the merits." Jolly, 76 F.3d at 468.

5